**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

RICO PAUL,                                              )
                                                       )
          Plaintiff,                                   )
                                                       )
     v.                                                )          Case No. 4:26-cv-00303-PLC
                                                       )
BRITTANY VANVOLKENBURG, et al.,                        )
                                                       )
          Defendants.                                  )

## MEMORANDUM AND ORDER

This matter is before the Court for review of Plaintiff Rico Paul's Complaint and Application to proceed in forma pauperis. For the following reasons, the Court will deny Plaintiff's Application and dismiss this case without prejudice. The Court will also deny as moot Plaintiff's Motion seeking appointed counsel.

Plaintiff is incarcerated in the Potosi Correctional Center ("PCC"), and is a "prisoner" as defined in 28 U.S.C. § 1915(h). He is therefore subject to the provisions of the Prison Litigation Reform Act of 1996, which "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of those reforms is what is commonly described as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This Court's publicly-available electronic records show that Plaintiff, while incarcerated, brought the following three cases that were dismissed for failure to state a claim upon which relief may be granted: *Paul v. Teddford, et al.*, No. 4:19-cv-01851-DDN (E.D. Mo. Sept. 11, 2019); *Paul v. Smallen, et al.*, No. 4:19-cv-02244-HEA (E.D. Mo. Mar. 27, 2020); and *Paul v. Muse, et al.*, No. 4:24-cv-00230-SPM (E.D. Mo. May 23, 2024). As a result, this Court cannot grant Plaintiff leave to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff filed the Complaint on or about March 2, 2026 against 12 individuals he identifies as correctional officers, a nurse, a caseworker, a Deputy Division Director, and an Assistant Warden. Plaintiff asserts claims that are based on separate events that occurred in 2024, 2025, and 2026. First, Plaintiff claims he was assaulted with pepper spray on January 29, 2025. He was placed on suicide watch and denied adequate medical care, and medical personnel failed to follow their own policy and procedure. Next, Plaintiff describes his December 27, 2024 argument with a sergeant concerning a missing television. Plaintiff claims the sergeant poked his head with her finger, and after Plaintiff "restrained her from assaulting [him] any further," he was sent to the hole. Doc. 1 at 12. Finally, Plaintiff claims he was assaulted by corrections officers on February 12, 2026.

Plaintiff describes grieving the matters that form the bases of his claims, and appears to believe his grievances were not properly addressed. Plaintiff provides copies of his grievance materials. Doc. 1-2 and 1-3. Plaintiff states he has been in imminent danger since he arrived at the PCC on July 15, 2022. He seeks $600,000 in damages.

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it does not show that Plaintiff is under imminent danger of serious physical injury. An inmate

subject to § 1915(g) is only eligible to proceed in forma pauperis if he is under imminent danger at the time of filing his complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Plaintiff's Complaint clearly focuses on allegations of past harm, which do not trigger the exception to section 1915(g). *See id.* The Court will therefore deny Plaintiff's Application and dismiss this case without prejudice to the filing of a fully-paid complaint. Because the Court is dismissing this case at this time, the Court will deny as moot Plaintiff's Motion seeking appointed counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **DENIED.** Doc. 2.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED** as moot. Doc. 4.

Dated this **3rd** day of March, 2026.

_____

JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE

3